IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

VICTOR GABILONDO, an individual, and, GOLDEN SHARED, LLC, a Delaware limited liability company

Plaintiffs,

v.

RUBEN SANTURIAN, an individual,

Defendant.

Case No.: 0:25-CV-61458-___

**COMPLAINT**

Plaintiffs, VICTOR GABILONDO ("Gabilondo") and GOLDEN SHARED, LLC ("Golden Shared" and collectively, "Plaintiffs"), by and through undersigned counsel, bring this action against RUBEN SANTURIAN ("Santurian" or "Defendant"), and allege as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages and equitable relief for violations of Rule 10b-5 and § 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)), the Florida Securities and Investor Protection Act (FSIPA), Fla. Stat. § 517.301 et seq., Breach of Contract, Civil Theft, and other related claims. Defendant engaged in fraudulent securities transactions by inducing Plaintiffs to invest in unregistered securities through material misrepresentations and omissions, resulting in significant financial harm. Defendant failed to disclose the fraudulent nature of the investments, obstructing Plaintiffs' ability to protect their assets and recover their rightful returns. Plaintiffs seek declaratory and injunctive relief, treble damages, attorney's fees, and all other available remedies under federal and Florida law.

**JURISDICTION AND VENUE**

2. This is an action for damages exceeding the sum or value of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under Rule 10b-5 of the Securities Exchange Act of 1934, a federal question.

4. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because they form part of the same case or controversy as the federal securities fraud claim.

6. Venue is proper in this Court because a substantial part of the events or omissions giving rise to this claim occurred in Broward County, Florida.

**PARTIES**

7. Plaintiff, VICTOR GABILONDO, is an individual doing business in Broward County, Florida.

8. Plaintiff, GOLDEN SHARED, LLC, is a Delaware limited liability company owned by Gabilondo. Golden Shared, LLC is the owner of certain condominium units at the Greenpoint Hotel. Golden Shared, LLC has a 4% membership share in Barcelona Golf Hotel USA Group LLC, owner of the Hotel Barcelona Golf in Barcelona, Spain.

9. Defendant, RUBEN SANTURIAN, is an individual doing business in Broward County, Broward.

## GENERAL ALLEGATIONS

10. This action stems from fraudulent business ventures perpetrated against Plaintiffs, Victor Gabilondo and his company, Golden Shared, LLC, by Defendant Santurian through his companies Greenpoint Old Town Investment Group, Black International Management LLC, U Plus Group, LLC, and Barcelona Golf Hotel USA Group LLC. Santurian's fraudulent business ventures involved hotel condominium properties located in Kissimmee, Florida ("Greenpoint Hotel") and Barcelona, Spain ( "Hotel Barcelona"). The fraudulent acts/omissions of Santurian are ultra vires and therefore he is responsible in his personal capacity for those acts.

*Santurian's Greenpoint Hotel Fraudulent Scheme*

11. Santurian managed the Greenpoint Hotel condominium properties in Kissimmee, Florida under his management company, Greenpoint Old Town Investment Group.

12. On or about December 2014, Santurian approached Gabilondo with a proposed business venture wherein Santurian represented that, in exchange for Gabilondo's purchase of certain condominium hotel units under construction at the Greenpoint Hotel, Gabilondo would receive a guaranteed 8% return on investment in the form of rent payments via Santurian and Greenpoint Old Town Investment Group's rental of the units for a period of two (2) years, totaling $44,800.00.

13. Gabilondo received 8% interest for two (2) years, totaling $22,400.00 per year on the $280,000.00 investment for the first two (2) years as agreed.

14. Santurian fraudulently represented that Gabilondo would receive a minimum annual return of 5% from the profits of his Greenpoint Units, which Gabilondo never received. The agreement stated that once the condos were finished, Gabilondo would receive rental income from the seven units, or, at minimum, a 5% return from their occupancy annually.

15. Gabilondo agreed to Santurian's investment proposal and, in December 2014, Santurian, through his management company Greenpoint Old Town Investment Group, facilitated the sale of Units 2308, 2310, 2334, 2336, 3130, 3132, and 3202 ("Greenpoint Units") to Golden Shared, LLC, Gabilondo's company, for a total of $280,000.00.

16. A copy of the Warranty Deed and Bill of Sale transferring the Greenpoint Units from Greenpoint Old Town Investment Group, LLC to Golden Shared, LLC dated April 9, 2015, is attached hereto as **Composite Exhibit "A"**.

17. On December 21, 2015, Santurian acquired full interest in Greenpoint Old Town Investment Group.

18. Consequently, on or about January 14, 2017, when Gabilondo and his family took a family trip to Orlando, he contacted Santurian to use his promised complimentary stay at the Greenpoint Hotel.

19. Santurian, however, informed Gabilondo that staying at Greenpoint was not possible because the construction of the hotel was still not finished. Santurian said he would provide Gabilondo and his family with accommodations at another hotel instead.

20. During his trip to Florida, Gabilondo decided to visit Greenpoint and noticed that the remodeling process had not even begun, despite Santurian's prior representations.

21. When Gabilondo confronted Santurian as to why construction on the Greenpoint Units had not begun, Santurian fraudulently represented that he was having trouble obtaining construction permits, admitted the debt owed to Gabilondo, and falsely stated that he was trying to figure out a way to repay him.

*Santurian's Hotel Barcelona Golf Fraudulent Scheme*

22. In November 2017, Santurian met with Gabilondo in Rosario, Argentina, to present another investment opportunity in a hotel in Barcelona called the Hotel Barcelona Golf. Santurian admitted his prior debt to Gabilondo but induced him to invest further, giving the impression he was trying to resolve the situation and make Gabilondo whole through a different venture.

23. Santurian proposed that if Gabilondo put up four (4) of his Greenpoint Units as collateral and paid an additional $98,624.00 in cash, Gabilondo's company, Golden Shared, LLC, would receive a 4% membership interest in Santurian's company, Barcelona Golf Hotel USA Group LLC, with a valuation of $287,800.00.

24. Gabilondo agreed to this business proposal, transferred four (4) Greenpoint Units to Santurian's company, and wired $98,624.00, as evidenced by **Composite Exhibit "C"**.

25. On December 18, 2017, Santurian, signing as CEO-Partner of Barcelona Golf Hotel USA Group LLC, sent Golden Shared, LLC a letter confirming the investment, attached hereto as **Exhibit "D"**. The letter states as follows:

> RE: BARCELONA GOLF HOTEL USA GROUP LLC- INVESTING
>
> This is to inform you that Golden Shared LLC has a membership share of 4% in BARCELONA GOLF HOTEL USA GROUP LLC, owner of the Hotel Barcelona Golf, in Barcelona, Spain.
>
> These shares have a value in dollars of $287,800.00 which represents a value in euros (€) according to today's exchange rate.
>
> Should you have any questions do not hesitate in contact us at any time.
> Ruben Santurian
> CEO - Partner of
> *BARCELONA GOLF HOTEL USA GROUP LLC*
> U Plus Group, LLC

5

26. However, just as with Greenpoint Hotel, the Hotel Barcelona Golf project was a complete failure that Santurian never completed, despite numerous false promises to the contrary.

27. Santurian continued to falsely represent to Gabilondo that payments would be forthcoming, concealing the true nature of his fraudulent actions.

28. After Santurian repeatedly broke his promises of repayment, Gabilondo, through counsel, sent a formal demand letter to Santurian on October 25, 2022, attached as **Exhibit** "**E**".

29. Shortly after Santurian received the letter, he called Gabilondo and stated that they should negotiate Gabilondo's demand for payment without the use of attorneys, which Gabilondo later discovered was just a tactic for Santurian to continue to perpetuate his ongoing fraud, as Santurian never had any intent to repay him.

30. From that point forward, Santurian and Gabilondo attempted to negotiate repayment.

31. After numerous proposals, they agreed to a payment plan that required Santurian to provide Gabilondo with collateral on or before September 30, 2023 in exchange for Mr. Gabilondo providing Santurian with another six (6) months to repay him in full.

32. As typical of Santurian, Santurian failed to abide by their agreement and did not provide Mr. Gabilondo with the collateral on or before September 30, 2023.

33. Therefore, it was not until September 30, 2023 that Gabilondo ultimately discovered that Santurian had been perpetuating his fraudulent schemes all long by fraudulently inducing Plaintiffs to invest with him and his companies through Santurian's Greenpoint Hotel and Hotel Barcelona business proposals, and that Santurian had never intended on repaying

Plaintiffs from the beginning. It was thus only reasonable that Gabilondo did not discover Santurian's acts giving rise to these causes of actions until September 2023.

34. As recent as November 17, 2023 Defendant continues to send emails to Gabilondo communicating fraudulent promises and offers to partnerships without proof of the entities having any assets of any kind.

35. Thereafter, Gabilondo retained counsel to file this lawsuit

36. Mr. Gabilondo is still owed $98,624.00 in cash that he wired to Santurian's company, Barcelona Golf Hotel USA Group LLC (**Composite Exhibit "C"**, *supra*), as part of the Hotel Barcelona investment, an additional $280,000.00 from the initial investment for the seven (7) Greenpoint Units, the current value of 4% membership shares in Santurian's company, Barcelona Golf Hotel USA Group LLC, or the value of $287,800.00 previously agreed upon by the parties, whichever is greater, 5% guaranteed return of the Hotel Barcelona investment for a total of $24,656.00, and the agreed upon royalties from his guaranteed return on investment in the two (2) separate business ventures at Greenpoint Hotel and the Barcelona Hotel.

37. In sum, Mr. Gabilondo has been damaged in the amount of $501,280.00 plus royalties owed to him that are yet to be determined. The breakdown is as follows:

- **Initial Investment:** $280,000.00
- **Interest:** $98,000.00
- 8% return of investment for the first two (2) years which were already paid and are not included in this breakdown.
- <u>2015-2016</u>:
  - 5% minimum return of investment for every year since the initial investment (7 years)

- <u>2017 - 2022</u>: $280,000 x 0.35 = $98,000.00
- **Second Investment**: $98,624.00
- **Interest:** $24,656.00
    - 5% minimum return of investment for every year since the initial investment (5 years)
- <u>2019 - 2023</u>: $98,624 x 0.25 = $24,656.00
- **Minimum owed to Mr. Gabilondo: $501,280.00**

38. Further, assuming Plaintiffs' investments in the Greenpoint Hotel and membership shares of Barcelona Golf Hotel USA Group LLC instruments are the purchase of securities—albeit not registered with the SEC, the loss of investment income that Plaintiff suffered as a result of Defendant's actions yields Plaintiffs' nominal loss (through the year 2050) of:

- **Loss of principal for each investment, loss of earning, loss of investment opportunity, and loss of expected return on investments: $4,543,473**.

39. Despite numerous opportunities to repay these funds that he stole from Plaintiffs through his various fraudulent business propositions, Santurian has failed to make payment to date.

40. Plaintiffs have engaged the law firm of Braam PLLC ("Braam Partners Law Firm") to bring the above-styled action and have agreed to pay their attorneys a reasonable fee for their services.

41. All conditions precedent to the filing of this action have been performed, satisfied, or waived.

### COUNT I – BREACH OF CONTRACT
### (GREENPOINT HOTEL INVESTMENT)

42. Plaintiffs re-allege paragraphs 1 through 41 as if fully set forth herein.

43. Defendant entered into an investment agreement related to the Greenpoint Hotel wherein he agreed that:

    a. In exchange for Gabilondo's purchase of certain condominium hotel units, Gabilondo would receive a guaranteed 8% return on investment for two years, totaling $44,800.00.

    b. Gabilondo would thereafter receive a minimum of 5% return annually from profits of the Greenpoint Units.

44. Defendant breached the agreement by failing to pay the agreed-upon returns or provide any profits.

45. As a result, Plaintiffs have suffered damages in the amount of $280,000.00 plus interest and other consequential damages.

**WHEREFORE**, Plaintiffs demand judgment against Defendant for all available damages, pre-and post-judgment interest, attorney's fees, costs, and any other relief deemed appropriate by the Court.

## COUNT II – BREACH OF CONTRACT
## (HOTEL BARCELONA GOLF INVESTMENT)

46. Plaintiffs re-allege paragraphs 1 through 41 as if fully set forth herein.

47. Defendant entered into an investment agreement related to the Hotel Barcelona Golf wherein he agreed that:

    a. In exchange for Gabilondo putting up four Greenpoint Units as collateral and paying $98,624.00 in cash, Gabilondo's company would receive a 4% membership share in Barcelona Golf Hotel USA Group LLC, valued at $287,800.00.

    b. Gabilondo would receive a minimum guaranteed 5% return annually on this investment.

9

48. Defendant breached the agreement by failing to pay the promised returns or deliver the agreed-upon value of shares.

49. As a result, Plaintiffs have suffered damages in the amount of $98,624.00 plus interest and other consequential damages.

**WHEREFORE**, Plaintiffs demand judgment against Defendant for all available damages, pre- and post-judgment interest, attorney's fees, costs, and any other relief deemed appropriate by the Court.

### COUNT III – VIOLATION OF RULE 10b-5
### (FRAUD IN CONNECTION WITH THE SALE OF SECURITIES)

50. Plaintiffs re-allege paragraphs 1 through 41 as if fully set forth herein.

51. Defendant engaged in fraudulent and manipulative acts in connection with the sale of securities, violating 17 C.F.R. § 240.10b-5.

*Material Misrepresentations or Omissions:*

52. Defendant represented that Plaintiffs' investments in Greenpoint Hotel and Barcelona Golf Hotel USA Group LLC would yield guaranteed 8% annual returns for two years, followed by a minimum of 5% returns annually thereafter.

53. Defendant failed to disclose that he lacked the financial capability or intent to honor these commitments.

*Scienter (Intent to Deceive)***:**

54. Defendant had full knowledge that the representations were false and made them with the intent to induce Plaintiffs to invest.

55. Defendant fraudulently structured the deals comprising these investments that were security-type purchases.

*Reliance by Plaintiffs:*

56. Plaintiffs, relying on Defendant's assurances, invested $280,000.00 in Greenpoint Hotel and $98,624.00 in Barcelona Golf Hotel USA Group LLC, expecting contractual returns.

*Economic Loss:*

57. Plaintiffs never received the promised returns or a refund of their investments, suffering financial harm in excess of $4.5 million.

*Causal Connection:*

58. Plaintiffs' damages are directly attributable to Defendant's fraudulent representations and misstatements.

**WHEREFORE**, Plaintiffs demand judgment against Defendant for all available damages, including compensatory damages, treble damages, attorney's fees and costs, pre- and post-judgment interest and any other relief deemed appropriate by the Court.

### COUNT IV – VIOLATION OF FLORIDA SECURITIES AND INVESTOR PROTECTION ACT (FSIPA)

59. Plaintiffs re-allege paragraphs 1 through 41 as if fully set forth herein.

60. Defendant engaged in the unregistered sale of securities in violation of Florida Statutes § 517.07 and § 517.12.

*Material Misrepresentation or Omission:*

61. Defendant represented that Plaintiffs' investments in Greenpoint Hotel and Barcelona Golf Hotel USA Group LLC would yield guaranteed 8% annual returns for two years, followed by a minimum of 5% returns annually thereafter.

62. Defendant failed to disclose that he lacked the financial capability or intent to honor these commitments.

*Scienter (Intent to Deceive):*

63. Defendant had full knowledge that the representations were false and made them with the intent to induce Plaintiffs to invest.

64. Defendant fraudulently structured the deals comprising these investments that were security-type purchases.

*Reliance by Plaintiffs:*

65. Plaintiffs, relying on Defendant's assurances, invested $280,000.00 in Greenpoint Hotel and $98,624.00 in Barcelona Golf Hotel USA Group LLC, expecting contractual returns.

*Economic Loss:*

66. Plaintiffs never received the promised returns or a refund of their investments, suffering financial harm in excess of $4.5 million.

*Causal Connection:*

67. Plaintiffs' damages are directly attributable to Defendant's fraudulent representations and misstatements.

**WHEREFORE**, Plaintiffs demand judgment against Defendant for all available damages, including compensatory damages, treble damages, attorney's fees and costs, pre- and post-judgment interest and any other relief deemed appropriate by the Court.

### COUNT V – INTENTIONAL MISPREPRESENTATION / FRAUD-PAYMENT AGREEMENT

68. Plaintiffs re-allege paragraphs 1 through 41 as if fully set forth herein.

69. Defendant made false representations to Plaintiffs, including but not limited to:

   a. Representations regarding guaranteed investment returns in the Greenpoint Hotel and Barcelona Golf Hotel USA Group LLC.

  b. Concealing material facts about Defendant's inability or unwillingness to deliver on promised financial returns.

70. Defendant knew these representations were false and made them with the intent to induce Plaintiffs to invest.

71. Plaintiffs reasonably relied on Defendant's misrepresentations in investing substantial sums.

72. As a direct result of Defendant's fraudulent misrepresentations, Plaintiffs have suffered damages in excess of $4.5 million.

**WHEREFORE**, Plaintiffs demand judgment against Defendant for compensatory damages, punitive damages, attorney's fees, costs, pre- and post-judgment interest, and any other relief deemed appropriate by the Court.

## COUNT VI – BREACH OF FIDUCIARY DUTY

73. Plaintiffs re-allege paragraphs 1 through 41 as if fully set forth herein.

74. As set forth above, a fiduciary relationship existed between Plaintiffs and Defendant because, due to the nature of the investments, a relation of trust and confidence existed between the parties, and/or confidence was reposed by Plaintiffs and trust accepted by Defendant, and/or confidence was acquired and abused by Defendant.

75. Defendant breached this fiduciary duty by *inter alia*:

  a. Misrepresenting the nature of the investments.

  b. Misappropriating funds and failing to return capital or pay promised returns.

  c. Engaging in fraudulent schemes that deprived Plaintiffs of their expected investment gains.

76. As a direct and proximate result of Defendant's breach, Plaintiffs have suffered substantial damages.

**WHEREFORE**, Plaintiffs VICTOR GABILONDO, an individual, and GOLDEN SHARED, LLC, a Delaware limited liability company, demand judgment against Defendant RUBEN SANTURIAN, an individual, for all available damages, prejudgment interest, post judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper in favor of Plaintiffs.

### COUNT VII – UNJUST ENRICHMENT

77. Plaintiffs re-allege paragraphs 1 through 41 as if fully set forth herein.

78. Defendant unjustly retained significant funds obtained from Plaintiffs under fraudulent pretenses.

79. Defendant knowingly benefitted from the funds without providing the promised investment returns.

80. It would be inequitable for Defendant to retain these funds without repaying Plaintiffs.

81. As a direct result, Plaintiffs have suffered financial harm.

**WHEREFORE**, Plaintiffs demand judgment against Defendant for restitution, compensatory damages, attorney's fees, costs, pre- and post-judgment interest, and any other relief deemed appropriate by the Court.

### COUNT VIII – CIVIL THEFT UNDER FLA. STAT. § 772.11

82. Plaintiffs re-allege paragraphs 1 through 41 as if fully set forth herein.

83. As set forth above, Defendant committed civil theft when he knowingly obtained or used, or endeavored to obtain or use, Plaintiffs' property with felonious intent, either

temporarily or permanently, to a) Deprive Plaintiffs of their right to or a benefit from the property; or b) Appropriate the property to the Defendant's own use or to the use of a person not entitled to the property.

84. Plaintiffs' statutory pre-suit notice to Defendant dated October 25, 2022, is attached hereto as **Exhibit** "**E**".

85. Because of Defendant's civil theft, Plaintiffs have suffered damages.

86. Plaintiffs are entitled to treble damages under Florida Statutes § 772.11.

**WHEREFORE**, Plaintiffs VICTOR GABILONDO, an individual, and GOLDEN SHARED, LLC, a Delaware limited liability company, demand judgment against Defendant RUBEN SANTURIAN, an individual, for all available damages including, but not limited to, treble damages, prejudgment interest, post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper in favor of Plaintiffs.

## RESERVATION OF RIGHT TO SEEK PUNITIVE DAMAGES

87. Plaintiffs, VICTOR GABILONDO, an individual, and GOLDEN SHARED, LLC, a Delaware limited liability company, hereby reserve their right to seek punitive damages against Defendant.

## DEMAND FOR JURY TRIAL

88. Plaintiffs, VICTOR GABILONDO, an individual, and GOLDEN SHARED, LLC, a Delaware limited liability company, hereby demand a jury trial on all issues so triable.

Dated: July 18, 2025

Respectfully submitted,

By: /s/ *Iván Bracho González*
Iván Bracho González, Esq.
Florida Bar No. 1022276
ibg@braampartners.com

BRAAM PLLC<br>
3105 NW 107th Avenue<br>
Suite 504<br>
Doral, Florida 33172<br>
Tel.: 786.539.4715<br>
<br>
*Counsel for Plaintiff*